# EXHIBIT B



# Notice of Service of Process

**CHS / ALL**
**Transmittal Number: 24790983**
**Date Processed: 04/19/2022**

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | Sonja Jackson<br>Arlette Willis |

| | |
|---|---|
| **Entity:** | UPS Expedited Mail Services, Inc.<br>Entity ID Number  2551231 |
| **Entity Served:** | UPS Expedited Mail Services, Inc. |
| **Title of Action:** | Albert Guarneri vs. UPS Expedited Mail Services, Inc. |
| **Matter Name/ID:** | Albert Guarneri vs. UPS Expedited Mail Services, Inc. (12205755) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Middlesex County Superior Court, NJ |
| **Case/Reference No:** | MID-L-001615-22 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 04/18/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Costello & Mains, LLC<br>856-727-9700 |
| **Client Requested Information:** | Matter Type: Other/NA |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Costello & Mains, LLC

**Counselors at Law**

Kevin M. Costello◊+
Deborah L. Mains○
Daniel T. Silverman□
Drake P. Bearden, Jr. ◊□



Jacquelyn R. Matchett □
Christopher M. Emrich □
Miriam S. Edelstein □○
Christina M. D'Auria □
Lauren N. Bess *
Terrence L. Mitchell +
Samantha P. Martin □*

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
* Pending Member of the New Jersey Bar

www.CostelloMains.com
(856) 727-9700
(856) 727-9797 (fax)

April 15, 2022

**VIA PROCESS SERVER**
UPS Expedited Mail Services, Inc.
Corporation Service Company
Princeton South Corporate Center, Suite 160
100 Charles Ewing Boulevard
Trenton, NJ 08628

> Re:   **Albert Guarneri v. UPS Expedited Mail Services, Inc., et al.**
>       **Docket No.: MID-L-1615-22**

To Whom It May Concern:

Enclosed for service upon you please find the following:  Summons and Complaint; Case Information Statement; Track Assignment; Anti-Spoliation Letter; Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Request for Production of Documents to Defendants, in the above matter.

Thank you.

Very truly yours,

**COSTELLO & MAINS, LLC**

By:   _/s/Terrence Mitchell_
      **Terrence Mitchell**

TM/kp
Enclosures
cc:   Albert Guarneri

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

# Costello & Mains, LLC

### Counselors at Law

**Kevin M. Costello◊+**
**Deborah L. Mains○**
**Daniel T. Silverman□**
**Drake P. Bearden, Jr. ◊□**



**Jacquelyn R. Matchett □**
**Christopher M. Emrich □**
**Miriam S. Edelstein □○**
**Christina M. D'Auria □**
**Lauren N. Bess ***
**Terrence L. Mitchell +**
**Samantha P. Martin □***

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

o Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
* Pending Member of the New Jersey Bar

**www.CostelloMains.com**
**(856) 727-9700**
**(856) 727-9797 (fax)**

April 15, 2022

**VIA PROCESS SERVER**
UPS Expedited Mail Services, Inc.
Corporation Service Company
Princeton South Corporate Center, Suite 160
100 Charles Ewing Boulevard
Trenton, NJ 08628

> **Re:** **Albert Guarneri v. UPS Expedited Mail Services, Inc., et al.**
> **Docket No.: MID-L-1615-22**

To Whom It May Concern:

Please be advised that this office represents the interests of the above-named plaintiff in this action.

The term "you," "your" or "yours" as used herein shall refer to you (the recipient of this letter), as well as any and all named defendants in this matter, its affiliates and/or subsidiaries, its employees, representatives and/or agents and officials, as well as any and all individuals responsible for the custody and control of the below information, including but not limited to those individual's administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.

You are directed from this point forward to prevent any "spoliation", defined as alteration, change, updating, periodic destruction of, editing or deletion of, any of the information which is set forth hereafter.

If you cause any such alteration, destruction or change, directed or allow it to occur, you will be potentially charged with discovery rule violations for which sanctions may be imposed.

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

April 15, 2022
Page 2 of 3

Further, the Complaint may be amended to add purposeful and/or reckless or negligent destruction or spoliation of evidence. Finally, we may ask for specific instructions to the jury to find certain facts to your disadvantage by virtue of the destroyed or inaccessible evidence.

## Electronically Stored Information

In terms of electronically stored information, you are directed to prevent any destructive, alterative or other change to any web pages, virtual profiles or identities (including *but not limited to* Myspace, Facebook, Instagram, Pinterest, Twitter, Tumblr, LinkedIn, Google Plus+, Flickr, Vine, About.me, ask.fm etc. or any other social media-based web profile or networking site account.), emails, voice messages, text messages, instant messages or messaging systems, pertaining in any way to this controversy or to the parties or witnesses, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, back-up and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook, ACT!), electronic spreadsheet files and file fragments, related to this matter. This includes a request that such information not be modified, altered or deleted as a result of data compression or disk fragmentation (or other optimizations procedures), which processes you are hereby directed to suspend until such time as that data can be preserved, copied and produced.

You are directed not modify, alter or delete—or allow modifications, alterations or deletions to be made to—any such electronically stored information unless an exact replica or "mirror image" has been made and will preserved and made accessible for purposes of discovery in this litigation and unless, in addition, an activity log of all document modifications already made to any electronically stored information is maintained.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

You are further directed to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

April 15, 2022
Page 3 of 3

**Paper Information**

      In terms of paper information, you are directed to preserve any and all contracts and contract drafts, emails, memos and drafts of memos, handbooks (past and present), policies (past and present) and drafts, employment files (in employment matters), school and educational records (in school cases), other relevant records which may in any way pertain to the matter, pay stubs or duplicates if applicable, spreadsheets, lists, documents, notes, correspondence, photographs, investigative information or other documents which pertain in any way to the controversy, parties or witnesses in this matter.

      Please be guided accordingly.

Very truly yours,

**COSTELLO & MAINS, LLC**

By:      */s/Terrence Mitchell*
          **Terrence Mitchell**

TM/kp
cc:    Albert Guarneri

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

**COSTELLO & MAINS, LLC**
By: Terrence Mitchell
Attorney I.D. No. 273202018
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
tmitchell@costellomains.com
Attorneys for Plaintiff

| | |
|---|---|
| ALBERT GUARNERI, <br><br> Plaintiff, <br><br> vs. <br><br> UPS EXPEDITED MAIL SERVICES, INC.; and JOHN DOES 1-5 AND 6-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> MIDDLESEX - LAW DIVISION <br><br> CIVIL ACTION <br><br> DOCKET NO: MID-L-1615-22 <br><br> **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: April 15, 2022

**Name of Defendant to be Served:**
**Address of Defendant to be Served:**

UPS Expedited Mail Services, Inc.
Corporation Service Company
Princeton South Corporate Center, Suite 160
100 Charles Ewing Boulevard
Ewing, New Jersey 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**COSTELLO & MAINS, LLC**
By: Terrence L. Mitchell
Attorney I.D. No. 273202018
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| ALBERT GUARNERI, | : SUPERIOR COURT OF NEW JERSEY |
| | : MIDDLESEX - LAW DIVISION |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : |
| | : |
| UPS EXPEDITED MAIL SERVICES, INC.; | : DOCKET NO: |
| and JOHN DOES 1-5 AND 6-10, | : |
| | : |
| Defendants. | : **COMPLAINT AND JURY DEMAND** |
| | : |

Plaintiff, Albert Guarneri, residing in Middlesex County, New Jersey, by way of

Complaint against the Defendants, says:

<u>**Preliminary Statement**</u>

This matter is opened to the Court alleging disability discrimination, perception of

disability discrimination and retaliation in violation of the New Jersey Law Against

Discrimination ("LAD") and in violation of the doctrines set forth in *Pierce v. Ortho*

*Pharmaceuticals* and *Lally v. Copy Graphics, Inc.*

This matter is further opened to the Court for violations of the New Jersey Wage

Payment Law ("WPL").

<u>**Identification of Parties**</u>

1.      Plaintiff Albert Guarneri is, at all relevant times herein, a resident of the State of

New Jersey and was an employee of the Defendants.

2.      Defendant UPS Expedited Mail Services, Inc. ("UPS") is, at all relevant times herein, a business entity maintaining citizenship and domicile in the State of New Jersey, operating at 100 Middlesex Center Boulevard, Monroe Township, New Jersey 08831 and, at all relevant times herein, was the employer of Plaintiff.

3.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

4.      Plaintiff began working for Defendants on or around March 8, 2021.

5.      At all relevant times herein, Plaintiff performed his duties up to or beyond the reasonable expectations of his employer.

6.      In recognition of Plaintiff's performance, Defendants promoted him to a Supervisor position on or around July 20, 2021.

7.      As part of his promotion, Defendants advised Plaintiff that his pay would be increased by $3.50 per hour.

8.      Plaintiff worked, at a minimum, two full pay cycles as a Supervisor; however, Defendants failed to implement the promised pay increase for those weeks.

9.      As a result, UPS violated of N.J.S.A. 34:11-4.2.

10.     On or around September 27, 2021, Plaintiff was injured at work when he felt a pop in his ankle stepping down from a load stand.

11.     Plaintiff's Supervisor, Erin McMahon, heard Plaintiff call for help.

12.     Erin McMahon assisted Plaintiff and took him to see District Manager, Vashon Hill.

2

13.     As a result of his injury, Plaintiff was disabled within the meaning of that term under the LAD.

14.     In addition and/or in the alternative to being disabled, Plaintiff was perceived as disabled by the Defendants.

15.     Plaintiff subsequently received treatment at a hospital and was given a work note to be excused for two days.

16.     Plaintiff was also advised to follow-up with an orthopedic doctor in two to three days.

17.     Plaintiff texted McMahon a photo of the doctor's note and Plaintiff informed McMahon he would not be able to come in the following day.

18.     Plaintiff further informed McMahon that he was going to make an appointment with an orthopedic doctor and that he was in a lot of pain and could not walk on his ankle.

19.     McMahon responded "I'm going to have to follow-up with the division manager. You are gonna be required to come in for UPS to direct your case so report tomorrow and we will direct your care and go from there."

20.     Defendants, aware of Plaintiff's injury on the job, were on notice of Plaintiff's intended exercise of his rights under the Workers Compensation Act.

21.     Plaintiff responded that he would try to report as instructed, but reiterated his potential inability to work on his foot and that he did not receive crutches from the hospital.

22.     McMahon insisted that Plaintiff come in, and after Plaintiff emphasized the amount of walking at the facility, McMahon responded "you can take the elevator."

23.     Plaintiff reported to work on around September 28, 2021 to provide a narrative report regarding his injury.

3

24.     On or around September 29, 2021, Plaintiff texted McMahon informing him that he would not be at work in order to rest his foot, and requesting the workers' compensation authorization number so that he could schedule necessary medical appointments.

25.     Plaintiff subsequently made an appointment with an orthopedic doctor for the following day.

26.     On or around September 30, 2021, Plaintiff informed McMahon of his orthopedic appointment for that day.

27.     Following the appointment, the orthopedic doctor recommended physical therapy and restricted Plaintiff to sedentary work only.

28.     In presenting his note with restrictions to Defendants, Plaintiff engaged in LAD-protected activity.

29.     Plaintiff texted screenshots of the doctor's report to McMahon.

30.     McMahon did not respond.

30a.    Left with no response from Defendants as to whether they would provide light duty or place him on medical leave, Plaintiff remained out of work.

31.     On or around Thursday, October 14, 2021, Plaintiff received a letter form UPS stating that he had been absent without the "necessary documentations" approving his absence and to contact both his managers and Geo Services within 72 hours of receipt of the letter.

32.     Plaintiff obliged and reached out to both managers, however, he did not receive a response from either of them.

33.     Plaintiff also attempted to reach out to Thomas Rolser.

34.     Plaintiff did not receive a response from Rolser.

35.     On or about Monday, October 18, 2021, as Plaintiff had still not received a response from his managers, he reported in person to UPS.

36.     On that date, Rolser terminated Plaintiff.

37.     A determinative and/or motivating factor in the Defendants' decision to terminate the Plaintiff was the Plaintiff's disability.

38.     In addition and/or in the alternative, a determinative and/or motivating factor in Plaintiff's termination was Defendants' perception of or regarding Plaintiff's disability and/or his continued utility as an employee as the result of his injury.

39.     Plaintiff was further a member of a protected class as an individual who advanced his LAD rights and/or made a request for an accommodation as provided under the LAD.

40.     Plaintiff was subjected to adverse employment actions including his termination as a result of engaging in protected activity.

41.     Plaintiff was further a member of a protected class pursuant to the doctrines established by the Courts in *Pierce v. Ortho Pharmaceuticals* and *Lally v. Copy Graphics, Inc.*, as an individual who exercised his rights under New Jersey's Workers' Compensation Law.

42.     To the extent that there is any "mixed-motive," Plaintiff need only show that a determinative and/or motivating factor in the conduct directed toward him was because of his membership in one of the protected groups set forth above.

43.     As a result of the actions of Defendants, Plaintiff has been forced to suffer both economic and emotional harms.

44.     Because the actions of Defendants were egregious and because members of upper-management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

### Disability discrimination Under the LAD

45.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 44, as though fully set forth herein.

46.     The conduct set forth above constitutes disability discrimination in violation of the LAD and is the responsibility of Defendants, both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination under the LAD

47.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 46, as though fully set forth herein.

48.     The conduct set forth above constitutes perception of disability discrimination in violation of the LAD and is the responsibility of Defendants, both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT III

### Retaliation Under the LAD

49.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 48, as though fully set forth herein.

50.     As the result of engaging in LAD-protected activity, Plaintiff was subjected to adverse employment actions including his termination.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT IV

### *Lally v. Copy Graphics, Inc.*

51.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 50, as though fully set forth herein.

7

52.     To the extent that a determinative and/or motivating factor in Plaintiff's discharge was the fact that Plaintiff exercised his rights pursuant to the New Jersey Workers' Compensation Law his discharge is actionable under the common law, as a violation of clear mandated public policy pursuant to *Pierce v. Ortho Pharmaceuticals* and *Lally v. Copy Graphics, Inc.*

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, interest, costs of suit, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

### COUNT V
### Violation of the WPL

53.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 52, as though fully set forth herein.

54.     For the reasons set forth above, the Defendants failed to pay Plaintiff's agreed upon rate of pay for all hours worked in violation of the WPL.

55.     In addition to those damages otherwise provided by the act, pursuant to N.J.S.A 34:1-4.2, Plaintiff is entitled to liquidated damages in an amount equal to 200% of the unpaid wages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, liquidated damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT VI

### Request for Equitable Relief

56.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 55 as though fully set forth herein.

57.     Plaintiff requests the following equitable remedies and relief in this matter.

58.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

59.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

60.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

61.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

62.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

63.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

64.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

COSTELLO & MAINS, LLC

Dated: March 31, 2022                  By:   /s/ Terrence L. Mitchell
                                              Terrence L. Mitchell

## DEMAND TO PRESERVE EVIDENCE

1.    All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.    Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC


By:    _/s/ Terrence L. Mitchell_
       **Terrence L. Mitchell**


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC


By:    _/s/ Terrence L. Mitchell_
       **Terrence L. Mitchell**

11

## RULE 4:5-1 CERTIFICATION

1.    I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.    I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By:   */s/ Terrence L. Mitchell*
      Terrence L. Mitchell

## DESIGNATION OF TRIAL COUNSEL

Terrence L. Mitchell, Esquire, of the law firm of Costello & Mains, LLC, is hereby

designated trial counsel.

**COSTELLO & MAINS, LLC**

By:   */s/ Terrence L. Mitchell*
      Terrence L. Mitchell

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-001615-22

**Case Caption:** GUARNERI ALBERT VS UPS EXPEDITED MAIL S ERVICES,

**Case Initiation Date:** 03/31/2022

**Attorney Name:** TERRENCE LAMAAR MITCHELL

**Firm Name:** COSTELLO & MAINS LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : GUARNERI, ALBERT

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** ALBERT GUARNERI? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/31/2022
Dated

/s/ TERRENCE LAMAAR MITCHELL
Signed

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    MARCH 31 2022
                    RE:      GUARNERI ALBERT  VS UPS EXPEDITED MAIL S ERVICES,
                    DOCKET:  MID L -001615 22

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON BRUCE KAPLAN

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       002
AT:  (732) 645-4300 EXT 88373.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                    ATTENTION:
                              ATT: TERRENCE L. MITCHELL
                              COSTELLO & MAINS LLC
                              18000 HORIZON WAY
                              STE 800
                              MT LAUREL       NJ 08054-4319

ECOURTS

**COSTELLO & MAINS, LLC**
By:  Terrence Mitchell
Attorney I.D. No. 273202018
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
tmitchell@costellomains.com
Attorneys for Plaintiff

| | |
|---|---|
| ALBERT GUARNERI, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | MIDDLESEX - LAW DIVISION |
| | CIVIL ACTION |
| vs. | |
| UPS EXPEDITED MAIL SERVICES, INC.; | DOCKET NO: MID-L-1615-22 |
| and JOHN DOES 1-5 AND 6-10, | |
| | **PLAINTIFF'S FIRST SET OF** |
| Defendants. | **INTERROGATORIES DIRECTED TO** |
| | **DEFENDANTS** |

Kindly respond to the attached interrogatories and requests for production of documents within the time prescribed by Court Rule.

COSTELLO & MAINS, LLC

By: _____*/s/Terrence Mitchell*_____
Terrence Mitchell

DATED: April 15, 2022

1

**DEFINITIONS**

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

1.     "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnerships, estates, public agencies, departments, divisions, bureaus and boards.

2.     "Document" includes, without limitation, the original and each copy of each and any writing, email, entry on a social networking site (including, but not limited to, 'Twitter,' 'Facebook,' and 'Myspace,' text message, data file, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible items or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, Xeroxed, photographed, copied, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft.

3.     "Communication" means any and all written and non-written forms of expression or communication whether face-to-face, by telephone, in email, on or through a website, in text mail, in 'twitter,' 'Facebook,' 'Myspace' and similar social networking formats, in conference, by document, or otherwise.  "Oral communication" means every communication other than written communication.

4.     "Identify," when referring to a natural person, means to provide the following information:

2

  (a)  his/her full name and date of birth;

  (b)  present or last known address;

  (c)  the last date when such address was known or believed to be correct;

  (d)  his/her present or last known business affiliation, title and occupation;

  (e)  the extent to which, and the foundational information for, the claim that the person is part of the litigation control group, or is represented by any attorney or law firm representing any defendant.

5.  "Identify," when referring to a corporation, means to provide the corporation's full name, each state in which it is incorporated, and the address of its principal place of business, and to identify every person who owns or controls more than 10% of the common stock of such corporation and state the percentage of such stock he/she owns.

6.  "Identify," when referring to an entity other than a natural person or corporation (e.g., association, partnership, limited partnership, etc.) means to provide an official name or designation of each such entity and the address of its principal place of business, and to identify every person who owns more than 10% of the equity interests of such entity and to state the percentage interest of equity he/she owns.

7.  "Identify," when referring to any document, means to:

  (a)  state its date;

  (b)  state its name or title (if any);

  (c)  state the type of document (e.g., letter, memorandum, telegram, etc.);

  (d)  describe its general subject matter and contents;

  (e)  identify its author or originator and its addressee, if any, and all persons to whom copies of the document were to be or have been sent;

3

(f)     identify its present location and custodial; and

(g)     if the document is no longer in your possession, identify its last known custodian, describe the circumstances under which it passed from your control to that person and identify each person having knowledge of such circumstances and/or the present location of the document.

8.     "Identify," when referring to an oral communication, means to:

(a)     state the date and means of each oral communication;

(b)     state the place where each oral communication occurred;

(c)     identify each person participating in or listening to each oral communication;

(d)     identify each person(s) present at the time of each oral communication;

(e)     if the oral communication was by telephone;

     (1) identify the place where each person participating in the call was located at the time of the call;

     (2) state the telephone number of every telephone used by every participant in the call;

(f)     summarize the substance of each oral communication; and

(g)     identify every document that is a transcript of or otherwise sets forth, summarizes, relates, or refers to each oral communication.

9.     "Identify," when referring to any written communication, means to:

(a)     identify each person making or receiving each written communication;

(b)     identify each document that contains, sets forth, or constitutes or relates or refers to each written communication; and

4

(c)  summarize the substance of each written communication.

10.  The term "identify" as used herein in connection with an "act" means:

(a)  state the date and place of the act;

(b)  state the person acting, the person for whom the act was performed, the person against whom the act was directed, and those present when the act was performed; and

(c)  describe in detail the act.

11.  "Defendant" means each and any of the defendants in this action, including every individual defendant, whether acting in his/her individual capacity or as agent for another, and every predecessor and successor in interest to every corporate defendant, and every director, officer, employee, and agent and any other representative acting on behalf of any defendant.

12.  "Plaintiff" means any and/or all plaintiffs in this action, and every director, officer, employee, and agent and any other representative acting on its behalf.

13.  "Relevant time period" means the period from one year prior to any event alleged in the Complaint filed herein to the date these interrogatories are answered.

14.  The word "act" as used herein includes acts of every kind and description.

15.  The word "complaint" as used herein refers to the complaint filed on behalf of plaintiff commencing the instant action or any amended complaint(s) filed thereafter.

16.  The conjunctions "and" and "or" as used herein shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any interrogatory.

17.  The word "date" as used herein means the exact day, month and year, if ascertainable, or, if not, your best approximation thereof.

5.

18.     The word "describe" as used herein means to state the date and identify the persons involved in the transaction, communication, event or occurrence in question, and to state the nature and subject matter of the transaction, communication, event or occurrence in question.

19.     The term "describe in detail" as used herein means:

(a)     describe fully any reference to underlying facts, if possible, rather than just by ultimate facts or conclusions of fact or law; and

(b)     particularize as to:

(1)     time;

(2)     place; and

(3)     manner.

20.     As used herein, any reference to any corporate entity shall be deemed to include that corporate entity or any predecessor, successor or affiliated corporate entity.

21.     As used herein, the term "advice" shall mean any demand, suggestion, opinion, indication or requirement that any person(s), partnership, corporation, or other entity take any action or refrain from taking any action.

22.     The terms "identify" or "describe" as used herein in connection with the term "advice" means:

(a)     state the date and place the advice was given;

(b)     state to whom the advice was given, by whom the advice was given and all persons present when the advice was given;

(c)     the substance of the advice, recalling the exact words to the extent possible;

(d)     if the advice was wholly or partly comprised of oral communications, or

resulted in any oral communications, identify all such communication;

(e)    if the advice was wholly or partly written or reduced to writing, or resulted in the production of any written documents, identify all said documents or documents where said advice was written or in which said advice was reduced to writing.

23.    The terms "agreement" and "contract" as used herein shall be interchangeable and shall both be construed to have their broadest meaning.  The terms "identify" as used herein in connection with an "agreement" means:

(a)    if the agreement is claimed to have been express and in writing, so state: and

(1)    identify the documents alleged to comprise the agreement;

(2)    identify the persons who were parties to the agreement, and in the case of a person or persons other than an individual, furnish the name and address of the individual purporting to act for such person or persons; and

(3)    set forth the subject matter of the agreement.

(b)    if the agreement is claimed to have been express or oral, so state, and

(1)    furnish the date and place of each conversation comprising the agreement;

(2)    furnish the name and address of the individual engaging in each conversation, the date and place of which is furnished in the answer to (1) hereof;

(3)    identify the person for whom each individual listed in (2) hereof is

alleged to have acted; and

  (4) set forth the substance of the agreement.

(c) if the agreement is claimed to have been express and partly in writing and partly oral, so state; and

  (1) as to the written part, furnish the information requested in 23(a) hereof; and

  (2) as to the oral part, furnish the information requested in 23(b) hereof;

(d) if the agreement is claimed to be implied from acts, so state; and

  (1) identify each act-giving rise to the inference of an implied agreement.

(e) if the agreement is claimed partly to be implied from acts and partly to have been in writing, so state; and

  (1) as to the implied part, furnish the information requested in 23(d) hereof; and

  (2) as to the written part, furnish the information requested in 23(a) hereof.

(f) if the agreement is claimed partly to be implied from acts and partly to have been oral, so state; and

  (1) as to the implied part, furnish the information requested in 23(b) hereof; and

  (2) as to the oral part, furnish the information requested in 23(b) hereof.

8

(g)    if the agreement is claimed partly to have been implied from acts, partly to have been in writing, and partly to have been oral, so state; and

(1)    as to the implied part, furnish the information requested in 23(d) hereof;

(2)    as to the written part, furnish the information requested in 23(b) hereof; and

(3)    as to the oral part, furnish the information requested in 23(b) hereof.

24.    As used herein, the terms "defendant," "you," "your" or "yourself" refer to the answering defendant or any agent or employee of the answering defendant.

25.    As used herein, "state the basis" or "state the manner" means to describe fully all of the facts which you believe support your position or contention, to identify each factor considered by you when arriving at such position or contention, and to state why each such factor was (or was not) relied upon by you in arriving at such position or contention.

26.    As used herein, the term "employee" shall include an agent, director, officer, or any person who performs services for remuneration for any person, partnership or corporation.

27.    As used herein, "including" is defined to mean "including but not limited to."

## INSTRUCTIONS

1.      All answers should be based upon all information available to the answering party, including its agents, within the meaning of R.4:17-4.

2.      All answers should be supplemented or amended in accordance with the requirements of R. 4:17-7.

3.      If any information or document is omitted or withheld from an answer by reason of a claim of privilege, the answer should describe such information or document with sufficient specificity to establish the basis of the privilege and should state all factual and legal bases for the allegation that such information or document is privileged.

4.      Unless otherwise clearly specified, all interrogatories refer to the relevant time period as defined above.  If an answer varies during the relevant time period, all the various answers for the relevant time period should be given, with a specification of the portion of the relevant time period to which each such answer applies.

10

## INTERROGATORIES

1.      Set forth a complete job history of each plaintiff, setting forth dates of hire and/or separation, promotion, job title change, job description change, benefits change and/or compensation change. Also include any and all documentation and factual information relating to bonus items or income during employment.

2.      'Identify' each person who has knowledge or relevant information concerning:

        (a)      any claim of the plaintiff(s);

        (b)      any defense offered in the answer;

        (c)      any fact relating to plaintiff's/plaintiffs' personal life, personal activities, personal relationships or work relationships, internet activities, hobbies or interests;

        (d)      any fact or information relating to plaintiff's/plaintiffs' medical information. Set forth a summary of the factual information you believe the person possesses;

        (e)      the reason plaintiff(s) is/are no longer employed by defendant, if that be the case, as well as the communications, decisions and deliberations concerning the plaintiffs'/plaintiff's separation from employment.

        For purposes of this interrogatory, by "identify" we request that you observe the Instructions given heretofore, and that you also provide: supply that person's employment relationship to you, including date of hire and/or separation, if applicable, job title held, the person's addresses (residential and business), cell phone numbers, home numbers, work numbers, social security numbers and dates of birth, if you know them, and how the person came to possess the information requested in this interrogatory.

        If you contend that any individual identified in response to this interrogatory is a member of the "litigation control group" of the answering party—as defined by RPC 1.13(a), and as defined in *Michaels v. Woodland*, 988 F.Supp. 468, 472 (D.N.J. 1997)—and/or is so closely associated with the answering party that it, for legal purposes, *is* the answering party, his/her contact information need not be supplied. Instead, you may state that the person may be contacted through counsel for the answering party and state whether or not answering counsel will supply that person for deposition pursuant to a notice to take deposition.

3.      For each individual identified in response to interrogatory number 2 above, set forth in detail the knowledge or information that you believe he/she possesses.

4.      For each plaintiff who is no longer employed by your company:

        (a)      set forth when and how the employment relationship ended;

      (b)    identify each person who participated in the decision to end the relationship, setting forth the nature and extent of his/her involvement in the determination and/or execution or enforcement of the decision; and

      (c)    set forth any and all facts or knowledge pertinent to the separation of plaintiff from answering defendant's employment.

    5.    If you are aware of any information that you contend was false or misleading in the application materials or application or hiring process for any plaintiff, identify and attach all documents relating to same and supply a complete factual recitation of the information.

    6.    For each plaintiff that you contend did his/her job in a less than satisfactory manner, committed an act of misconduct or negligence associated with his/her job, or performed his/her job in a manner necessitating any formal or informal discipline, set forth in complete factual detail all such facts and information relating to that contention, and identify each person who possesses knowledge of each such fact or information.

    7.    Has the answering defendant ever been named in any administrative complaint in the New Jersey Division of Civil Rights (or any other state civil rights agency), in the EEOC, or in any state court or any federal court in which it was alleged that the answering defendant violated any of the statutes or doctrines set forth in plaintiff's complaint in this action, during the seven (7) year period preceding the filing of this action?  If so, set forth for each such action and/or lawsuit:

      (a)    the docket, claim or tracking number assigned to the matter;

      (b)    the name of any attorney representing any plaintiff and/or complaining party;

      (c)    the current status of the matter;

      (d)    the allegations contained in the complaint;

      (e)    whether it was resolved, the manner and date of resolution; and

      (f)    identify and attach all documents relating to same.

    An action or complaint should be included in this response if it was still in progress on any day within seven (7) years of the filing date of plaintiff's complaint even if it was filed more remotely than seven (7) years prior to the filing date of plaintiff's complaint.

    By "statutes or doctrines in plaintiff's complaint," this question seeks information which pertains to claims which are, legally, substantially similar in nature to those presented by each plaintiff in this action.  Where a statute allows for more than one type of theory, e.g., the New Jersey Law Against Discrimination or Title VII of the Civil Rights Act, the question pertains to the specific theory(ies) advanced by plaintiff, i.e., sex, race, age, disability, etc.

8.      For each person identified in plaintiff's complaint as having committed, ratified, ignored complaint of, participated in or incited an illegal act, 'identify' that person by supplying his/her full name, date of birth, addresses, phone numbers, present employment status and identify and attach a complete copy of that person's disciplinary file.

9.      State whether or not the answering defendant has any insurance which may cover any part or all of the loss attributable to any theory or claim that plaintiff has advanced.  If so, set forth the agency, the policy number and any claims numbers attendant to any claim the plaintiff has advanced.  Identify and attach any declarations or other coverage documents, as well as any letters or reservation of rights or any other correspondence concerning the invocation of the policy and/or a response to said invocation.

10.     Identify and attach any documents relating to any statements, summaries of notes of conversations regarding statements, or other information which pertains in any way to any communication with nonparties concerning the facts alleged in plaintiff's complaint or any defense.

11.     For each individual with whom any servant, agent, employee or representative of answering defendant has had communication regarding the plaintiff after plaintiff's employment ended, identify the individuals concerned on both ends of the communication, including names, addresses and telephone numbers, present relationship to defendant, and set forth in detail the nature and extent of the communication, why it occurred, when it occurred, how it occurred and the substance of each communication.

12.     Identify and attach any information possessed by the defendant or any servant, agent or employee of the defendant, including counsel, concerning or representing any virtual, web-based or social networking site (including, but not limited to, Twitter, Facebook and Myspace) in which plaintiff took part, made one or more entries or postings, or which is in any way attributable to the plaintiff.

13.     For each defendant, whether a corporation or entity or an individual, and for each individual identified in the complaint, identify each and every social networking site participated in by said person or entity for any portion of the three-year period up to and including the filing date of plaintiff's complaint and up to and including the present.  Your answer should include the "public" or online identity for social networking sites, such as Facebook, Myspace, Friendster, Twitter, linkedin.com, match.com, e-Harmony.com, classmates.com and any similar social networking sites.  Identify the site and the public identity that you use.  **You are directed to preserve and protect all content on same that you have posted and/or that others have posted and not to delete, alter or erase any of said material.  Notice to your attorney through this interrogatory is construed as notice to you, and we call upon your attorney to advise you immediately of same.**

14.     Have you retained an expert witness as to any issue in this case for the purpose of giving testimony at trial?  If so, provide the expert's name and area of putative expertise, attach his/her CV and any report from said expert.

15.     Please identify the proper and full name of the corporate employer of plaintiff and/or each and every plaintiff in this matter. Provide its address, the address out of which plaintiff was employed if different and provide detailed information about its relationship to any and all other known defendants.

16.     In the event that there is a claimed discharge in this matter, list each and every position which plaintiff should have:

      (a)    Applied for after their employment relationship ended with defendants;

      (b)    For which the plaintiff was qualified but did not apply;

      (c)    For each position listed in A and B, list all pertinent information about the position, including, but not limited to, the company or employer name, the specific position or positions of said company, why you believe the plaintiff was qualified, what information you have that the plaintiff did not apply, what information you have indicating why the plaintiff did not apply, any other information that you believe mitigated against plaintiff obtaining the position, whether plaintiff applied or not.

17.     Set forth the name, address, job title (if any), Social Security number, date of birth and driver's license identification number of any and all parties to this case and of any and all individuals contributing to the answers to these interrogatories.

18.     If defendant is a business, set forth the names of any and all businesses of which the defendant either owns an interest of stock or which own an interest of stock of the defendant.

19.     Attach the profit and loss statements and/or corporate or business tax returns with all schedules and attachments of the defendant for the last five (5) years.

20.     Set forth the name and address of any and all tax preparers, accounting firms, financial planners, financial advisors, or other financial professionals with whom the defendant has consulted in the last five years and if a business name was given, give the particular names of the individuals at that business with whom the defendant has dealt, individually.

21.     For any individual defendants, attach and include personal tax returns and/or joint tax returns if the individual is married, for the last five (5) years, along with all schedules and attachments.

22.     If an individual, set forth your current weekly gross salary and state whether or not there are any current liens or wage executions on your salary.

23.     If you are an individual and you owe either child support or alimony payments currently, identify the Court and docket number which generated the obligation.

24.     If you owe back child support or alimony or you are in arrears, state the amount that you are in arrears.

25.     Set forth detailed information for each of the following and attach the last two receipts or cancelled checks for each of the following obligations:

     (a)     Mortgage or rent payments;

     (b)     Car payments;

     (c)     Personal loans;

     (d)     Credit card payments (all);

     (e)     Business loans, if personally paid;

     (f)     Arrears tax payments;

     (g)     Arrears child support or alimony payments;

     (h)     Any other fixed financial obligation other than a utility payment.

26.     Set forth each and every source of funds that you regularly receive either monthly, quarterly, semi-annually or annually, including but not limited to annuities, social security benefits, disability benefits, welfare benefits, stock dividends, investment returns, structured personal injury settlements, subsidies, whether personal or governmental, wages, commissions, salary, bonuses, advances, misc. income, etc.  Identify and attach transmission documents for the last four of each type of responsive payment or income.

27.     Set forth each and every tangible asset that is owned by the individual or business and set forth the information requested below.  These tangible assets specifically include but are not limited to jewelry, furs, collectibles, crystal, valuable collections (comic books, statuettes, dolls, stamps, coins, baseball cards, memorabilia, etc.), real estate, boats, automobiles, motorcycles, aircraft, other water craft, antiques, artwork, etc.

     (a)     When it was acquired;

     (b)     If anyone else owns it jointly or in common;

     (c)     Its last appraised value, if known;

     (d)     If any money is owed by you to maintain ownership or whether the ownership is now fee simple.

28.     Set forth any judgments entered against you, the date they were entered, the docket number for the judgment, the creditor and the amount of the judgment.

29.    Set forth detailed information regarding any stocks, bonds, business interests, business assets, security instruments, notes or mortgages that are held by you and their current worth or the amount that is owed.

30.    Specify the gross income and net worth of the defendants for each year for the last five years and including year to date.  Attach all annual reports and tax returns for the defendants, as well as all profit and loss statements for each of the last five years.  Attach also a list of all monetary and physical assets owned by the defendants and whether or not they are encumbered and to what degree.

31.    If you are a public entity, and you have objected, in whole or in part, by reason of inapplicability, to any of the preceding fourteen questions, please provide the following information:

(a)    Please attach any profit and loss and/or annual budget statements for the entity, along with any tax returns for the entity, for the past five years;

(b)    Please set forth the name and address of any and all tax preparers, accounting firms, financial planners, financial advisors and financial professionals with whom the defendant public entity has consulted in the last five years and if a business name is given, give the particular names of the individuals at that business with whom the entity has dealt, individually;

(c)    Please provide the source of all funding provided to the entity on an annual basis, including any funding which is on a greater than annual or less than annual basis, such as monthly, and disclose the particular source of the funding and the amounts of the funding, by period, for the last five years;

(d)    Attach any documents verifying the description, address and current market value of any real property owned in whole or in part by the entity;

(e)    Set forth any judgments entered against the entity, the date they were entered, the docket number for the judgment, the creditor and the amount of the judgment.

32.    Set forth each complaint by plaintiff and/or by any other person (to the extent that such complaint referred to, involved, or was on behalf of plaintiff) alleging any discriminatory, retaliatory or harassing act(s).  For each such complaint:

(a)    state whether the complaint was made orally or in writing;

(b)    identify and attach any documents relating to it;

(c)    set forth how the complaint was received, when and by whom.

To the extent that any investigation or follow up took place as a result of any complaint responsive to this interrogatory, set forth how much time passed between the receipt of the/each

complaint and the start of the investigation or other response. To the extent any investigation took place, set forth how long the investigation took place and how the plaintiff was made aware of the results of said investigation, by whom and in what format. Identify and attach any documents relating to said investigation(s).

33.    Set forth the name of each person who conducted, was interviewed by, participated in and/or reviewed materials pertinent to, any investigation conducted by answering defendant as a result of any complaint made by plaintiff, in which plaintiff alleged any wrongful act identified in the allegations of plaintiff's complaint in this action. For each individual identified:

(a)    set forth in complete factual detail the extent and nature of the participation of each such individual;

(b)    each individual's relationship to the answering defendant;

(c)    whether each individual is a member of the defendant's litigation control group and if defense counsel will produce each individual by notice of deposition;

(d)    for every individual who will not be produced by notice of deposition, set forth his/her date of birth, residence address, business address and all known telephone numbers;

(e)    set forth the training and education of the individual, to the extent that the individual conducted and/or managed and/or supervised any investigation, on how to conduct/manage/supervise such investigation;

(f)    identify and attach any and all documents referring or relating to any investigations identified and/or discussed in the answer to this interrogatory;

(g)    identify and attach any and all documents referring or relating to the training or education referenced in response to sub-part (e) above; and

(h)    identify and attach any and all documents referring or relating to the process and procedure by which the individual conducted/managed/supervised said investigation(s), and;

34.    To the extent that any investigation was conducted in connection with, relating to or referencing any complaint the plaintiff identifies in his or her complaint in this action, set forth the results of the investigation and identify and attach any documents relating to same. To the extent that anyone was disciplined, formally or informally, provide full factual information relating to same.

35.    State the expert's name, practice address, home address, date of birth and attach a copy of his or her most recent curriculum vitae or resume.

36.    Supply a list of each and every matter in which the expert has authored an expert

report in the last five years, include the following information for each matter.

   (a) The case name and docket number, County of venue if applicable, or claim number, administrative file number (for example, DCR or EEOC) if not filed in Superior or Federal Court;

   (b) The name and business addresses of all counsel involved in the matter;

   (c) For whom the expert authored the report, plaintiff or defendant, and if more than one plaintiff or defendant was involved in the case, state which;

   (d) Attach a copy of that report.

  37. Set forth a list of each matter in which the expert has provided deposition testimony in the last five years.  Include the following:

   (a) The case name and docket number, County of venue if applicable, or claim number, administrative file number (for example, DCR or EEOC) if not filed in Superior or Federal Court;

   (b) The name and business addresses of all counsel involved in the matter;

   (c) For whom he or she authored the report, plaintiff or defendant, and if more than one plaintiff or defendant was involved in the case, state which.

  38. Set forth a list of each matter in which the expert has provided trial testimony in the last five years.  Include the following:

   (a) The case name and docket number, County of venue if applicable, or claim number, administrative file number (for example, DCR or EEOC) if not filed in Superior or Federal Court;

   (b) The name and business addresses of all counsel involved in the matter;

   (c) For whom you authored the report, plaintiff or defendant, and if more than one plaintiff or defendant was involved in the case, state which.

  39. Set forth a breakdown of income derived from expert witness work in the last five years as follows:

   (a) The amount received by either the answering witness or the answering witness' business if witness' income is not divisible from the income of the business, to the extent that such amounts were received from parties, their attorneys, insurance companies or other agents for the purpose of authoring expert reports for each year in the last five years;

   (b) The amount received by the answering expert and/or their business if the expert's income is not divisible from the business from parties, their attorneys, insurance

companies or other agents for the purpose of deposition testimony in the last five years;

     (c)    The amount received by the answering expert and/or their business if the expert's income is not divisible from the parties, their attorneys, insurance companies or other agents for the purpose of in-court, videotaped or live testimony in the last ten years;

     (d)    Attach a true and correct copy of all schedules and/or tax returns substantiating the income derived from expert witness work in the last ten years.

40.    Set forth in percentages the approximate number of occasions that the expert has served in the capacity of an expert for plaintiff and in the capacity of an expert for defendant for the last ten years.

41.    Set forth for each publication authored or co-authored in the last twenty years;

     (a)    The publication, issue number, year, edition or volume in which the article appears;

     (b)    The names of any co-authors applicable;

     (c)    The subject area concerned with the authored pieces via description of the authored piece (i.e., chapter in a treatise, article in a journal, etc.)

42.    Set forth in detail any professional standards, charts, laws, regulations, ordinances, statutes or other authorities upon which you rely in whole or in part in rendering your opinions. Set forth each in detail, citing its source.

43.    Identify and attach each anti-discrimination, anti-retaliation, equal employment, anti-harassment and/or CEPA/Whistleblower policy maintained by the defendant in the seven (7) year period prior to the filing date of plaintiff's complaint in this action. Set forth in complete detail how, where, and in what form, and how often, the policy has been distributed to employees and/or posted for the benefit of employees. For any and all event(s), lecture(s), meeting(s), presentation(s) or training event(s) during the seven (7) year period prior to the filing of the complaint in this action at which each such policy was discussed, either at the employer's place of business or another location, set forth complete factual information regarding each such event. To the extent that, during this period, any responsive policy has been altered, amended or changed, set forth each version, and why the change took place.

44.    Identify any and all business, corporate or other entities, whether they are or are not parties to this litigation, in which you hold or have ever held an ownership interest. For each business, corporation or entity identified, set forth:

     (a)    the nature and extent, including percentage, or your current ownership interest, if any;

     (b)    any changes to the nature or extent, including percentage, of your

ownership interest, including the date(s) of each such change, the nature of each such change, including the change in amount/extent/percentage of ownership interest, and provide full address and name information for each individual involved;

      (c)    the names, addresses, telephone numbers of all other owners, shareholders, partners, etc. in each such entity, setting forth each such person's ownership interest (including extent, nature and percentage), and dates such interest was held.

      (d)    identify and attach any and all documents relating to each of your ownership interests identified above.

45.    For each entity defendant in the matter, set forth, for the three (3) calendar years preceding the filing of the complaint in this action:

      (a)    the date of each and every shareholders', partners' and/or board of directors meeting for the entity;

      (b)    the time and location of each such meeting;

      (c)    the agenda of each such meeting;

      (d)    the identify of all individuals present at each such meeting; and

      (e)    identify and attach all documents referring or relating to each such meeting, including, but not limited to, minutes, written agendas, attendance records, notes and memoranda.

46.    Identify, in accordance with the instructions and definitions set forth above, the members of the board of directors, partners, shareholders (for a privately held corporation) and officers of the entity for the five (5) years preceding the filing of the complaint in this action and set forth the date(s) each such person became a director, shareholder, partner and/or officer and the date, if any, on which each such person ceased to be a director, shareholder, partner and/or officer of the entity. Provide address, date of birth and phone number information for each.

47.    Do you keep personal assets at the same banking institutions and/or financial institutions wherein any of the entity defendants in this matter hold business assets? If so and without attaching any documents as of yet, identify the financial institutions and/or banks at which such assets are held and set forth the time period during which the personal and business assets were both held and/or kept at the identified institution(s).

48.    Identify and attach the profit and loss statement and budgets for each entity defendant for the three fiscal years preceding the filing date of plaintiff's complaint.

49.    Identify and attach all foundational documents of the answering entity, including, but not limited to articles of incorporation, shareholder agreements, partnership agreements and/or bylaws, including any changes or amendments thereto.

50.     Set forth the dates, amounts and recipients of any dividend payments by any entity defendant in the ten (10) calendar years prior to the filing date of plaintiff's complaint.

NOTE: "Employment" should be read to include status as an alleged independent contractor, in which case each question relates to that relationship.

51.     Is defendant aware of any medical situation or condition, illness or injury (whether temporary or permanent) pertaining to the plaintiff?  If so, please provide all factual information regarding same, including, but not limited to: What you understand the medical condition, illness or injury to be; The mechanism by which defendants, through its servants, agents or employees became aware of it; Which servants, agents or employees of the defendant are aware of it; When they became aware of it; Identify and attach all documents relevant to the information, including all medical documents, internal memos, correspondence, emails, letters, memos, diaries and journals relating to or in any way mentioning the medical condition, illness or injury and state whether defendant will admit that the injury, illness or condition comes within the definition of "disability," "illness," "injury," "permanent medical condition," "temporary medical condition," or other term rendering the condition, injury or illness amenable to assertion of jurisdiction under the New Jersey Law Against Discrimination's provisions relating to disability.

52.     Was a request to accommodate any illness, injury or condition ever made by the plaintiff?

53.     If so, provide full factual information regarding each such request, including, but not limited to: Whether it was made orally or in writing; When it was made; To whom it was made; Whether you claim that the request was made other than in full accord with any written or unwritten policy relating to such requests and you so claim, identify the oral or written policy to which such requests should have been accommodated or subject; Attach copies of same if it is in writing and explain which part of or provision of the policy was violated by the plaintiff in the manner in which he/she made their request for accommodation; State if the accommodation granted; If it was granted, explain in what manner the accommodation was granted; If it was not granted, explain the reasons why it was not and what factual and/or legal analysis went into the decision not to grant the request; Identify and attach all documents relating to the evaluation and/or decision making process relating to the request for accommodation; and If you contend that the request could not be "reasonably" accommodated, explain why you contend this is so.

54.     List the name, field of medical attention, current address if known and particular staff person if known, of each and every medical provider or medical office about which you have knowledge that plaintiff received treatment, care, diagnostic evaluation or therapy.  Also identify and attach any and all documents relevant to this knowledge in your possession.

55.     Do you contend that plaintiff's performance of his/her job was at any time impaired, partially or fully, by any medical condition, disability, illness or disease?  If so, factually explain this contention in detail.

56.     Do you contend that plaintiff's performance of any job which was requested by

him or her by way of reasonable accommodation would have been at any time impaired, partially or fully, by any medical condition, disability, illness or disease of the plaintiff? If so, factually explain this contention in detail.

57.     Explain any and all written and oral communications initiated by any servant, agent or employee of the answering defendant toward the plaintiff for the purposes of opening a dialogue regarding the extension of a reasonable accommodation in regard to any condition, disability, illness or disease or which the defendant was aware or of which plaintiff contends the defendant was aware or should have been aware.

58.     If defendant maintains a policy regarding, has ever maintained a policy regarding, or allows or has ever allowed in the five years previous to the filing of the complaint in this matter, a "work from home" or other remote work practice, such as VPN or "PC Anywhere" remote computer control, identify and attach any and all policies, guidelines in applying same, portions of employee files relevant to the application of that policy to them (allowing or disallowing). If plaintiff has claimed that such a request was made by him or her and either not given or wrongfully allowed or administered, identify and attach all documentation relating to same.

59.     Does the defendant maintain, or is the defendant a beneficiary of, any endorsement in, or policy of, insurance, which provides any measure of reimbursement or cost off-setting, either on a per annum or claims arising basis, for any need to "reasonably accommodate" an employee's disability in relation to that employee's employment. Such endorsements and/or policies might emerge from, relate to, or be a part of, any long-term or short-term disability policy or benefit offered by the employer. In the event that the answer to this question is anything other than an unqualified "no," explain the endorsement and/or coverage, and attach a copy of all relevant documents.

60.     Please designate one or, if necessary, more than one representative of your company by name and job title who is in the best position to discuss and testify at deposition about your company's electronic data storage practices.

61.     State whether or not any electronic data has been erased or deleted respecting the plaintiff in this lawsuit, the plaintiff's claim, the plaintiff's employment, the plaintiff's contractual interactions with you or any other information relating to the plaintiff or the plaintiff's claim since you became aware of the intention of the plaintiff to make a claim (either having received a letter from the plaintiff stating such claim, having received a letter from counsel stating such claim, having received word that charges had been filed with a state or federal agency, a regulatory body or that suit had been filed in a Court of law).

62.     If the last Interrogatory is in the affirmative, specify exactly what data has been erased, deleted or altered from what electronic medium the data was deleted, altered and/or erased. On what date(s) these changes took place and the reason for these changes.

63.     Does your company maintain a written standard operating procedure or policy for the purposes of data retention of any kind? If so, identify each and every document, its date of

creation, how many pages, who maintains custody and control of the document and include a copy of each such document to your Answers to these Interrogatories.

64.   Does your company store its data in an owned mainframe?  If so, identify the make and model of the mainframe, year of purchase, the name of the in-house technical person and/or outside IT companies that have serviced or maintained it for the past five years and state its present location.

65.   State the licensed name of the program, the year of purchase and the number of users for any and all internal intra company e-mail programs your company operates.

66.   Does your company maintain access via Internet outside the company's intra-net? If so, specify each and every company that has provided such access for the past five years and describe the nature of the connection for each such company (ISDN, DIAL, TCP/IP, cable internet, etc.).

67.   State how often data stored on any mainframe or on servers by your company is backed up and by what mechanism and the date it is backed up.

68.   You are directed to acknowledge that you understand that pursuant to discovery rules you are not to destroy, delete and/or erase any electronic data (e-data) pertaining to the plaintiff in any way.  If you do so after the date of this notice, you are on notice that it will be the plaintiff's intention to seek sanctions against you.

69.   When you are asked to produce any "document" or thing in an electronic format or in media storage, you are guided by the following instructions.

(a)   Provide all HASH and MD5 information and "METADATA" data in all laptops, blackberries, PDAs, cell phones and other computing and/or media devices.  Also include all phone drives, the recycle bin of all applicable computing devices, spool files, all "index.data" files, car computers and text messages.

(b)   Do not "print" data, then scan the data and then supply that scanned printed version, as it may destroy MD5 or HASH information.

(c)   Please provide METADATA with links and where possible, provide it in a load file format (i.e., .dat, .log, et cetera).

70.   Please explain, in as much detail as possible, any and all reasons why Plaintiff was terminated from his position with Defendant.

71.   Please identify any and all individuals at Defendant, who were responsible for the decision to terminate Plaintiff's employment with Defendant.

72.   For each individual identified by Defendant as having knowledge relevant to Plaintiff's claims or Defendant's defenses in response to Plaintiff's Interrogatory No. 2, please

identify and provide any and all documents in possession of those individuals that document or relate in any way to any of the claims made by Plaintiff or defenses made by Defendant.

73.     Please identify any and all employees who work for Defendant in the State of New Jersey who made complaints about disability discrimination or retaliation in the past five (5) years. By "complaints," Plaintiff is referring to any formal or informal complaints made by an employee of Defendant to any employee of Defendant, made verbally, in writing or otherwise.

For each individual identified, please identify the date on which the individual made the complaint, the nature of the complaint, and what if anything was done as a result of the complaint. Please also attach any and all documents that document or relate in any way to any complaints that were made during that period of time, including, but not limited to, any and all documents regarding the complaint itself, any and all investigations that were conducted as a result of the complaint, any and all interviews that were conducted as a result of the complaint, any and all conclusions that were reached by Defendant and its employees as a result of the complaint, and any and all actions taken by Defendant as a result of the complaint and subsequent investigation.

74.     For each affirmative defense being made by Defendant in this case, please provide the following:

(a)     A detailed description of any and all facts Defendant believes support that particular affirmative defense;

(b)     The identity of each individual who Defendant believes has knowledge of any and all facts that support that particular affirmative defense, including what knowledge each individual has; and,

(c)     Identify any and all documents Defendant believes support that particular affirmative defense.

## CERTIFICATION

I certify that the foregoing statements made by me are true.  I am aware that I am subject to punishment by law for any statements made by me that are willfully false.

I further certify that all copies of reports, documents and other tangible items which are attached to these Interrogatories are true copies of said reports.  I certify that I do not know of the existence of any other reports.  I further certify that I will immediately serve upon the propounding attorney copies of any requested reports, documents and other tangible items of evidence which become known to me, but in no case later than twenty days prior to the first date fixed for trial.

_____
Signature

_____
Printed Name

25

**COSTELLO & MAINS, LLC**
By: Terrence Mitchell
Attorney I.D. No. 273202018
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
tmitchell@costellomains.com
Attorneys for Plaintiff

| | |
|---|---|
| ALBERT GUARNERI,<br><br>                    Plaintiff,<br><br>vs.<br><br>UPS EXPEDITED MAIL SERVICES,<br>INC.; and JOHN DOES 1-5 AND 6-10,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO: MID-L-1615-22<br><br>**PLAINTIFF'S FIRST REQUEST FOR<br>PRODUCTION OF DOCUMENTS** |

**PLEASE TAKE NOTICE** that Plaintiff(s) demands, pursuant to Rule 4:18-1, that Defendant(s) produce for inspection and copying within thirty (30) days after service of this request at Costello & Mains, LLC, 18000 Horizon Way, Suite 800, Mt. Laurel, NJ, 08054, the following:

NOTE: "Employment" should be read to include status as an alleged independent contractor, in which case each question relates to that relationship.

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

1.     "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnerships, estates, public agencies, departments, divisions, bureaus and boards.

2.     "Document" includes, without limitation, the original and each copy of each and any writing, email, entry on a social networking site (including, but not limited to, 'Twitter,' 'Facebook, and 'Myspace,' text message, data file, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible items or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, Xeroxed, photographed, copied, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft.

3.     "Communication" means any and all written and non-written forms of expression or communication whether face-to-face, by telephone, in email, on or through a website, in text mail, in 'twitter,' 'Facebook,' 'Myspace' and similar social networking formats, in conference, by document, or otherwise.  "Oral communication" means every communication other than written communication.

4.     "Identify," when referring to a natural person, means to provide the following information:

(a)     his/her full name and date of birth;

(b)     present or last known address;

(c)     the last date when such address was known or believed to be correct;

(d)     his/her present or last known business affiliation, title and occupation;

(e)     the extent to which, and the foundational information for, the claim that the person is part of the litigation control group, or is represented by any attorney or law firm representing any defendant.

5.      "Identify," when referring to a corporation, means to provide the corporation's full name, each state in which it is incorporated, and the address of its principal place of business, and to identify every person who owns or controls more than 10% of the common stock of such corporation and state the percentage of such stock he/she owns.

6.      "Identify," when referring to an entity other than a natural person or corporation (e.g., association, partnership, limited partnership, etc.) means to provide an official name or designation of each such entity and the address of its principal place of business, and to identify every person who owns more than 10% of the equity interests of such entity and to state the percentage interest of equity he/she owns.

7.      "Identify," when referring to any document, means to:

(a)     state its date;

(b)     state its name or title (if any);

(c)     state the type of document (e.g., letter, memorandum, telegram, etc.);

(d)     describe its general subject matter and contents;

(e)     identify its author or originator and its addressee, if any, and all persons to whom copies of the document were to be or have been sent;

3

(f)    identify its present location and custodial; and

(g)    if the document is no longer in your possession, identify its last known custodian, describe the circumstances under which it passed from your control to that person and identify each person having knowledge of such circumstances and/or the present location of the document.

8.    "Identify," when referring to an oral communication, means to:

(a)    state the date and means of each oral communication;

(b)    state the place where each oral communication occurred;

(c)    identify each person participating in or listening to each oral communication;

(d)    identify each person(s) present at the time of each oral communication;

(e)    if the oral communication was by telephone;

    (1) identify the place where each person participating in the call was located at the time of the call;

    (2) state the telephone number of every telephone used by every participant in the call;

(f)    summarize the substance of each oral communication; and

(g)    identify every document that is a transcript of or otherwise sets forth, summarizes, relates, or refers to each oral communication.

9.    "Identify," when referring to any written communication, means to:

(a)    identify each person making or receiving each written communication;

(b)    identify each document that contains, sets forth, or constitutes or relates or refers to each written communication; and

(c)     summarize the substance of each written communication.

10.     The term "identify" as used herein in connection with an "act" means:

(a)     state the date and place of the act;

(b)     state the person acting, the person for whom the act was performed, the person against whom the act was directed, and those present when the act was performed; and

(c)     describe in detail the act.

11.     "Defendant" means each and any of the defendants in this action, including every individual defendant, whether acting in his/her individual capacity or as agent for another, and every predecessor and successor in interest to every corporate defendant, and every director, officer, employee, and agent and any other representative acting on behalf of any defendant.

12.     "Plaintiff" means any and/or all plaintiffs in this action, and every director, officer, employee, and agent and any other representative acting on its behalf.

13.     "Relevant time period" means the period from one year prior to any event alleged in the Complaint filed herein to the date these interrogatories are answered.

14.     The word "act" as used herein includes acts of every kind and description.

15.     The word "complaint" as used herein refers to the complaint filed on behalf of plaintiff commencing the instant action or any amended complaint(s) filed thereafter.

16.     The conjunctions "and" and "or" as used herein shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any interrogatory.

17.     The word "date" as used herein means the exact day, month and year, if ascertainable, or, if not, your best approximation thereof.

18.     The word "describe" as used herein means to state the date and identify the persons involved in the transaction, communication, event or occurrence in question, and to state the nature and subject matter of the transaction, communication, event or occurrence in question.

19.     The term "describe in detail" as used herein means:

    (a)     describe fully any reference to underlying facts, if possible, rather than just by ultimate facts or conclusions of fact or law; and

    (b)     particularize as to:

        (1)     time;

        (2)     place; and

        (3)     manner.

20.     As used herein, any reference to any corporate entity shall be deemed to include that corporate entity or any predecessor, successor or affiliated corporate entity.

21.     As used herein, the term "advice" shall mean any demand, suggestion, opinion, indication or requirement that any person(s), partnership, corporation, or other entity take any action or refrain from taking any action.

22.     The terms "identify" or "describe" as used herein in connection with the term "advice" means:

    (a)     state the date and place the advice was given;

    (b)     state to whom the advice was given, by whom the advice was given and all persons present when the advice was given;

    (c)     the substance of the advice, recalling the exact words to the extent possible;

    (d)     if the advice was wholly or partly comprised of oral communications, or

resulted in any oral communications, identify all such communication;

    (e)    if the advice was wholly or partly written or reduced to writing, or resulted in the production of any written documents, identify all said documents or documents where said advice was written or in which said advice was reduced to writing.

23.    The terms "agreement" and "contract" as used herein shall be interchangeable and shall both be construed to have their broadest meaning.  The terms "identify" as used herein in connection with an "agreement" means:

    (a)    if the agreement is claimed to have been express and in writing, so state: and

        (1)    identify the documents alleged to comprise the agreement;

        (2)    identify the persons who were parties to the agreement, and in the case of a person or persons other than an individual, furnish the name and address of the individual purporting to act for such person or persons; and

        (3)    set forth the subject matter of the agreement.

    (b)    if the agreement is claimed to have been express or oral, so state, and

        (1)    furnish the date and place of each conversation comprising the agreement;

        (2)    furnish the name and address of the individual engaging in each conversation, the date and place of which is furnished in the answer to (1) hereof;

        (3)    identify the person for whom each individual listed in (2) hereof is

alleged to have acted; and

(4)    set forth the substance of the agreement.

(c)    if the agreement is claimed to have been express and partly in writing and partly oral, so state; and

    (1)    as to the written part, furnish the information requested in 23(a) hereof; and

    (2)    as to the oral part, furnish the information requested in 23(b) hereof;

(d)    if the agreement is claimed to be implied from acts, so state; and

    (1)    identify each act-giving rise to the inference of an implied agreement.

(e)    if the agreement is claimed partly to be implied from acts and partly to have been in writing, so state; and

    (1)    as to the implied part, furnish the information requested in 23(d) hereof; and

    (2)    as to the written part, furnish the information requested in 23(a) hereof.

(f)    if the agreement is claimed partly to be implied from acts and partly to have been oral, so state; and

    (1)    as to the implied part, furnish the information requested in 23(b) hereof; and

    (2)    as to the oral part, furnish the information requested in 23(b) hereof.

(g)     if the agreement is claimed partly to have been implied from acts, partly to have been in writing, and partly to have been oral, so state; and

(1)     as to the implied part, furnish the information requested in 23(d) hereof;

(2)     as to the written part, furnish the information requested in 23(b) hereof; and

(3)     as to the oral part, furnish the information requested in 23(b) hereof.

24.     As used herein, the terms "defendant," "you," "your" or "yourself" refer to the answering defendant or any agent or employee of the answering defendant.

25.     As used herein, "state the basis" or "state the manner" means to describe fully all of the facts which you believe support your position or contention, to identify each factor considered by you when arriving at such position or contention, and to state why each such factor was (or was not) relied upon by you in arriving at such position or contention.

26.     As used herein, the term "employee" shall include an agent, director, officer, or any person who performs services for remuneration for any person, partnership or corporation.

27.     As used herein, "including" is defined to mean "including but not limited to."

## **INSTRUCTIONS**

1.      All answers should be based upon all information available to the answering party, including its agents, within the meaning of R.4:17-4.

2.      All answers should be supplemented or amended in accordance with the requirements of R. 4:17-7.

3.      If any information or document is omitted or withheld from an answer by reason of a claim of privilege, the answer should describe such information or document with sufficient specificity to establish the basis of the privilege and should state all factual and legal bases for the allegation that such information or document is privileged.

4.      Unless otherwise clearly specified, all interrogatories refer to the relevant time period as defined above. If an answer varies during the relevant time period, all the various answers for the relevant time period should be given, with a specification of the portion of the relevant time period to which each such answer applies.

10

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.       Any and all documents reflecting, referring to, relating to or supporting each denial in Defendant's Answer.

2.       Any and all documents reflecting, referring to, relating to or supporting each affirmative or separate defense in Defendant's Answer.

3.       Any and all documents reflecting, referring to, relating to or supporting each and every Crossclaim in Defendant's Answer.

4.       Any and all documents reflecting, referring to, relating to or supporting each and every Counterclaim in Defendant's Answer.

5.       Any and all documents reflecting, referring to, relating to or supporting each and every Third Party Complaint Defendant has filed.

6.       Any and all documents referred to or relied upon by you in the preparation of any Answers to Interrogatories.

7.       Any and all documents referred to or relied upon by you in the preparation of any Responses to Request for Production of Documents.

8.       Any and all documents, including but not limited to letters, notes, correspondence, electronic mail, policies, media data storage, electronic data storage, manuals, memoranda, complaints, grievances, reviews, warning letters, disciplinary documents or any other documents that relate to any employment or independent contractor relationship between any party or parties in this matter.

9.       Any and all documents, including but not limited to letters, notes, correspondence, electronic mail, policies, media data storage, electronic data storage, manuals,

memoranda, complaints, grievances, reviews, warning letters, disciplinary documents or any other documents that relate to any termination of plaintiff.

10.     Any and all documents, including but not limited to letters, notes, correspondence, electronic mail, policies, media data storage, electronic data storage, manuals, memoranda, complaints, grievances, reviews, warning letters, disciplinary documents or any other documents that relate to any change in plaintiff's job title, job status and/or responsibilities at any time while employed by any party to this suit.

11.     Any and all documents, including but not limited to letters, notes, correspondence, electronic mail, policies, media data storage, electronic data storage, manuals, memoranda, complaints, grievances, reviews, warning letters, disciplinary documents or any other documents that relate to any discipline, whether formal or informal, whether oral or written, of the plaintiff at any time during his or her employment or contractor relationship.

12.     Any and all documents which purport to represent job application materials pertaining in any way to the Plaintiff for employment or contractor relationship at Answering Defendant's company or at any other past or present employer of which the defense or any servant or agent or employer of the Defendant has awareness of knowledge.

13.     Any and all documents reflecting, referring to, relating to or supporting communications, whether oral or written, between Plaintiff and any current or former employee, agent, servant or representative of the Defendant.

14.     Any and all documents referring or relating to any grievance or complaint, formal or informal, internal or external filed by the Plaintiff during Plaintiff's employment or during Plaintiff's independent contractor relationship with the Defendant.

15.     Any and all copies of all audiotapes, videotapes, recordings or other media devices that involve, pertain to, depict in any form or feature the Plaintiff or any individual named in the Complaint or any individual referred to by position or description in the Complaint or any individual identified in discovery by any party, and provide any and all notes or transcriptions of any such audio/video or other recording.  NOTE: that audio/video also includes DVD, CD and other multimedia expressions, which capture a video image.

16.     Copies of all audiotapes, videotapes or other multimedia or other recordings that relate to or support any of the allegations, claims, denials or defenses in the Answer.

17.     Any and all documents, including any notes, correspondence or other documents which relate in any way to any measure of damages claimed by the Plaintiff.

18.     Any and all documents concerning plaintiff's promotions, transfers, positions, demotions, reviews or other changes in assignments with the Defendant.

19.     Any and all job descriptions, which pertain in any way to any position, held by the Plaintiff and/or which pertain to any position held by an individual named or described in the Complaint.

20.     Any and all documents concerning any counseling, warnings, disciplinary actions or other adverse employment actions involving the Plaintiff during his/her employment or his/her independent contractor relationship with the Defendant.

21.     Any and all EEO1 statements in which the company has participated filing, which the company has filed, or of which the company has become aware, for the seven year period prior to filing of Plaintiff's Complaint.

22.     Any and all documents including complaints, attorney correspondence, answers, official documents, pleadings, discovery, notices of claim, etc. which pertain in any way to any

claim (defined as an administrative claim in the Division on Civil Rights or the EEOC or any other state agency or a lawsuit filed in any court) made against the Defendant during the seven years prior to the filing of Plaintiff's Complaint or against any then existing employee of the Defendant during the same period. Include a response only for claims or suits which allege the same or similar theories as have been alleged by the Plaintiff in his or her Complaint.

23.     The "redacted" (see definition of redacted below) employment file for any individual aside from Plaintiff who is named in the Complaint by name or whose position or identity was described by the Plaintiff in the Complaint as having perpetrated, having been aware of, or who is alleged to have aided or abetted any wrongful act alleged by plaintiff. NOTE: the term "redacted" involves a removal of *all medical and financial information* relating to such persons. Responsive documents should include, but not be limited to trainings, instructions, seminars, disciplines, reviews or warnings.

24.     Any and all documents including meeting memoranda, notes, drafts, emails or other documents which in any way refers to a *currently existing* policy, standard or procedure prohibiting or speaking to the rights concerning discrimination, harassment or retaliation of any kind.

25.     Any documents which relate in any way to any *past and currently nonexistent* (and thus abandoned or revised) policy prohibiting or speaking to the rights concerning harassment, discrimination or retaliation of any kind.

26.     Any and all documents relating in any way to Plaintiff's medical status.

27.     Any and all documents pertaining in any way to any contact by defense counsel or other agents, servants or representatives with any witness or other party in this action, including

314

letters, emails, statements, transcription, notes of meetings, notes reflecting oral statements or other such documents.

28.     Any and all diaries, calendars, daytimers or similar records reflecting dates or events maintained by any individual the plaintiff named in his/her Complaint or who the Plaintiff describes in his/her Complaint by way of position or incomplete name.

29.     Each and every document in the Defendant's possession, which has not been otherwise provided pursuant to a preceding request and which refers in any way to the Plaintiff.

30.     Any and all documents concerning communications by counsel, letters, memoranda, correspondence or other documents which refer in any way to any employment relationship maintained by the Plaintiff (or any independent contracting or self-employment relationship maintained by the Plaintiff) concerning *other* employment *prior to or subsequent to* Plaintiff's employment or independent contracting relationship with Answering Defendant.

31.     Any and all documents obtained by Defendant or which will be obtained by Defendant by way of subpoena power.

32.     Any and all documents evidencing paycheck inserts, mailings, policy documents, memoranda or any other documents that the Plaintiff is alleged to have received either individually or as part of an employment group during the entirety of Plaintiff's employment, for any reason.

33.     Any and all documents referring to any policy of insurance, whether worker's compensation, general liability maintained by the Defendant for the benefit of the Defendant entity, or maintained by any other entity for the benefit of Answering Defendant, or for the benefit of any individual named in Plaintiff's Complaint, that is alleged to possibly cover one or

15

more of the losses claimed in Plaintiff's Complaint (NOTE: include declarations pages, correspondence with insurance entities, etc.).

34.    Any documents purporting to pertain in any way to any meeting wherein the Plaintiff's employment or independent contracting relationship or termination of same was discussed.

35.    For each and every document that you claim is not suppliable pursuant to interrogatories asked by the Plaintiff or a request for production of documents by Plaintiff because the document is privileged, set forth for each and every such document the nature of the document with enough particularity that it can be discussed between the parties and/or the Court and the basis for the objection.  Non-identification along with non-compliance will be the subject of motion activity.

36.    If the Defendant company files or sends annual reports to shareholders, produce the last ten such reports filed and continue to supply reports filed during the pendency of this litigation.

37.    Any and all documents not specifically requested in the foregoing requests that Defendant believes will in any way relate to the claims in this matter.

38.    Identify and attach all correspondence, all documents, all applications (without any alteration, deletion or change), whether electronic or physical (and, in the event of electronic, a printout of same), pertaining to any and all "awards" the answering party has applied for, requested that its employees recommend the entity for, or otherwise requested, solicited or participated in for the seven year period prior to the filing date of Plaintiff's Complaint.

16

39.     Any and all documents provided by Answering Defendant to the New Jersey Department of Labor and Workforce Development or any other state agency or department in regards to or in response to any claim for unemployment benefits initiated by Plaintiff.

40.     Any and all documents or electronic data pertaining to any "workplace collaboration tools" Answering Defendant utilizes (hereafter referred to as "WCT"), including but not limited to applications and/or programs such as "Slack," "Microsoft Teams," "Google Hangout," or any other WCT, to the extent that such documents pertain to any information management, creation, alteration or preservation respecting the claim in this matter.

To the extent that Defendant claims it does not use any WCT, clearly so state.

In your production, include but do not limit your response to any and all WCT communications wherein servants, agents, or employees of Defendant, present or former, as well as any other third parties, discussed Plaintiff in any way, shape, or form.

41.     Identify and attach any and all documentation representing identification of administrators of the WCT or any other IT personnel responsible for maintenance and/or administration of same.

42.     Identify any and all documents pertaining to any "litigation hold" placed upon WCT information related to Plaintiff.

43.     Identify and attach all policies and procedures relating to storage of any WCT communication.

44.     Produce any and all policies and procedures related to the use of WCT.

17

These requests are deemed continuing and require supplementation by the answering party should new or additional information arise.

COSTELLO & MAINS, LLC

By: /s/Terrence Mitchell
Terrence Mitchell

DATED: April 15, 2022

## <u>CERTIFICATION</u>

I hereby certify that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge.

I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them. The following is a list of the identity and source of knowledge of those who provided information to me:

_____

_____

_____

_____

Signature

_____

Printed Name

19